FILIBERTO H. VERTICELLI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Verticelli v. Commissioner
Docket No. 20606-89
United States Tax Court
T.C. Memo 1991-345; 1991 Tax Ct. Memo LEXIS 397; 62 T.C.M. (CCH) 251; T.C.M. (RIA) 91345; July 29, 1991, Filed *397 Decision will be entered under Rule 155. Terence K. Heaney, for the petitioner. David A. Breen, for the respondent. TANNENWALD, Judge. TANNENWALD
MEMORANDUM OPINION Respondent determined a deficiency of $ 34,197 in petitioner's Federal income tax for the year 1983. After concessions, the sole issue for decision is whether, and to what extent, arrearage payments made by petitioner represent deductible alimony payments or nondeductible child support payments. This case has been submitted fully stipulated, and the stipulation of facts and the attached exhibits are incorporated herein by reference. At the time of the filing of the petition herein, petitioner's legal residence was Narberth, Pennsylvania. On November 22, 1969, petitioner married Jean Lombardi Verticelli. On August 25, 1977, petitioner and Jean Lombardi Verticelli entered into a Marriage Settlement Agreement (1977 Agreement). In this agreement, petitioner agreed to pay the sum of $ 350 for the support of each of his two children and to make an adjustment for increases in the cost of living. The 1977 Agreement also provided: V. D. As additional child support for educational purposes, the husband *398 agrees to contribute annually one fourth (1/4) of his annual bonus received from his current employer and one fourth of any bonus received in the future from any employer. * * *
In addition, petitioner agreed to pay to Jean Lombardi Verticelli $ 100 per month from September 1, 1977, to January 1978 and $ 200 per month from February 1, 1978, to December 31, 1979, for educational expenses. The 1977 Agreement also provided: VIII. B. As additional periodic support for the wife, the husband agrees to pay to the wife one fourth (1/4) of his current annual bonus and one fourth of any bonus received in the future from any employer. * * *
On May 31, 1978, the Family Court Division of the Philadelphia Court of Common Pleas issued a divorce decree to petitioner and Jean Lombardi Verticelli. For 1978 through 1983, petitioner received bonuses from his employer. For 1978 through 1981, petitioner paid one-fourth of his net bonus as child support and one-fourth of his net bonus as alimony. [1] Jean Lombardi Verticelli disputed these payments and argued that the "percentage of bonus" payments should have been made in amounts equal to one-fourth of petitioner's gross bonus. *399 On November 15, 1983, petitioner and Jean Lombardi Verticelli entered into an Agreement (1983 Agreement). The pertinent provisions of that agreement are as follows: 1. The parties agree that Father shall pay to Mother unallocated alimony and child support of Forty Thousand ($ 40,000.00) Dollars for the calendar year 1982 and Forty Five Thousand ($ 45,000.00) Dollars for the calendar year beginning January 1, 1983 and extending for each and every year thereafter until and unless reduced as hereinafter provided.
2. The parties have calculated the payments heretofore made by Father since January 1, 1982 and agree that there are arrearages due and owing for 1982 of $ 21,820, and for 1983 of $ 30,468.00. Father shall make full and complete payment of those arrearages as follows: twenty-five (25%) percent of the 1982 arrears, i.e., $ 5,455.00, shall be paid by Father to Mother at the signing of this Agreement. A like sum of twenty-five (25%) percent of the 1982 arrears, $ 5,455.00, shall be paid by Father directly to Mother within thirty (30) days following the signing of this Agreement. The remaining fifty (50%) percent of the 1982 arrears, $ 10,910.00, shall be paid by *400 Father to Mother on or before December 31, 1983 and the entire balance of arrears for the 1983 payments, $ 30,468.00, shall be paid by Father to Mother completely by the end of this calendar year, i.e., December 31, 1983. * * * 4. It is the intent, agreement and understanding of the parties that all of the aforesaid unallocated alimony and child support payments are to be deemed and treated by the parties as deductible alimony payments by Father within the meaning and provisions of Section 215 of the Internal Revenue Code, as amended, and all such payments are to be treated as taxable income to Mother under Section 71 of the Internal Revenue Code, as amended.
On December 16, 1983, the Court of Common Pleas of Philadelphia entered an order making the 1983 Agreement an order of that court. Petitioner made all payments of the "fixed" portion of his child support obligation of $ 465.85 per child per month from January 1, 1980, through December 31, 1983. In 1982, he also paid $ 7,000 on account of his bonus obligation in respect of child support and $ 760 for camp expenses of the children. Petitioner made total payments in 1983 in the amount of $ 66,820. Of this amount, $ *401 14,532.00 is represented by the $ 465.85 per child per month payments plus 19 unidentified payments of $ 250.00 each. The balance of $ 52,288, representing arrearages of $ 21,820 for 1982 and $ 30,468 for 1983, represents arrearages for 1982 and 1983 attributable to petitioner's obligations in respect of his bonus. [2]
Petitioner contends that the $ 52,288 is deductible as alimony on the ground that (1) it constitutes "unallocated alimony and child support payments" within the meaning of paragraph 4 of the 1983 Agreement (see supra page 4) or (2) in any event, such amount is not "fixed" as child support and therefore is taxable to his former wife as alimony under section 71[3] and deductible by him under section 215 in accordance with the holding of Commissioner v. Lester, 366 U.S. 299, 6 L. Ed. 2d 306, 81 S. Ct. 1343 (1961), *402 as applied by this Court in Bernard v. Commissioner, 87 T.C. 1029, 1038 (1986). Respondent asserts that petitioner's obligation under the 1977 Agreement required payment based upon his gross rather than net bonus with the result that there were arrearages in the child support obligation in excess of the $ 52,288 paid and consequently that amount represented child support nondeductible under section 71(b) (now section 71(c)(3)). [4] For the reasons hereinafter set forth, we disagree with the positions of both parties and adopt a different approach to the issue before us. *403 We disagree with petitioner's position as to the applicability of paragraph 4 of the 1983 Agreement. Paragraph 1 of that agreement provides for "unallocated alimony and child support," paragraph 2 speaks in terms of "arrearages," and paragraph 4 again uses the language "the aforesaid unallocated alimony and child support payments." We think the proper construction of the agreement dictates the conclusion that the provisions of paragraph 4 apply only to the paragraph 1 payments and not to the "arrearages" set forth in paragraph 2. The foregoing analysis makes it unnecessary for us to resolve the issue whether the parties to a divorce or separation can, by way of an agreed lump-sum payment for past-due spousal and child support, recharacterize what that payment represents. Our conclusion does not dispose of the issue before us, however, because the 1983 Agreement is otherwise silent as to how the amount of $ 52,288 should be allocated. In this context, petitioner argues that Bernard v. Commissioner, supra, is controlling. In that case, we stated: Where an agreement fails to "fix" the portion of a child and spousal support payment that is attributable *404 to child support, the entire payment will be deemed to be for spousal support. Commissioner v. Lester, 366 U.S. 299, 6 L. Ed. 2d 306, 81 S. Ct. 1343 (1961). Accordingly, we hold that the portion of the lump-sum payment attributable to [spousal] support arrearages, $ 17,888, is attributable solely to spousal support arrearages. This portion of the lump-sum payment will retain the tax character of spousal support payments timely made. [87 T.C. at 1038]
Bernard v. Commissioner, supra, is distinguishable in that there was nothing in the agreements before the Court in that case upon which an allocation could be based and therefore no way in which we could have concluded that any amount was "fixed" for child support. Such is not the case herein. The 1983 Agreement refers to and attached the 1977 Agreement and specifically provides in paragraph 13 that it "modifies the terms of the marriage settlement agreement of August 25, 1977." The 1977 Agreement specifically and separately provided for additional child support of one-fourth of petitioner's annual bonus and similarly specifically and separately made the same provision for additional support for petitioner's *405 former wife. The foregoing analysis of the 1977 and 1983 Agreements clearly indicates that 50 percent of petitioner's annual bonus, whatever the basis for determining its amount, was to be divided between the former wife and the children and that, as a consequence, the share of each was "fixed" under Commissioner v. Lester, supra. To be sure, the amount in respect of the bonus allocated to the children by the 1977 Agreement was earmarked for "educational purposes" but the record contains no evidence that the education of the children was not involved during 1982 and 1983, a gap which it was incumbent upon petitioner, who has the burden of proof (Rules 142(a) and 122(b)), to supply. On this basis, we conclude that one-half of the $ 52,288 was "fixed" as alimony and one-half as nondeductible child support. Here again, our analysis makes it unnecessary for us to consider the lengthy arguments of the parties as to retroactive application of the 1983 Agreement. We conclude that the amount of the arrearages and their allocation was "fixed" within the scope of Commissioner v. Lester, supra.[5] Given this conclusion, we have no need to *406 go behind the 1983 settlement and interpret the phrase "annual bonus" in the 1977 Agreement as meaning "gross annual bonus," thereby constructively creating an amount in excess of the agreed arrearages and applying section 71(b) so as to conclude, as respondent would have us do, that the total amount paid in 1983 constituted child support. Our conclusion also makes it unnecessary for us to deal with the question whether section 71(b) applies only to current payments and not to arrearages and the subsidiary question whether the $ 30,468 of past due amounts in respect of 1983, and paid in the same year, should be categorized, for purposes of that section, as a current payment or as an arrearage. In this connection, we note that section 71(b) makes no reference to arrearages and that the regulations, section 1.71-1(e), Income Tax Regs., speak only in terms of allocating current payments as does the legislative history of the predecessor of section 71(b), i.e., section 22(k) of the Internal Revenue Code of 1939. See H. Rept. 2333, 77th Cong., 2d Sess. 73-74 (1942), 1942-2 C.B. 372, 429; S. Rept. 1631, 77th Cong., 2d Sess. 85-86 (1942), 1942-2 C.B. 504, 570. *407 Compare Bernard v. Commissioner, 87 T.C. at 1038, where, although there were arrearages in child support payments, we held that the payment of those arrearages constituted deductible alimony by virtue of Commissioner v. Lester, supra, and did not find it necessary, in our discussion, to refer to section 71(b). In sum, we hold that one-half of the $ 52,288 payments of arrearage in 1983 are deductible as alimony under section 215 and that the other half of such payments constitute nondeductible child support. [6]
*408 To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. For 1978 through 1981, petitioner calculated his bonus on a net basis by subtracting taxes withheld from his gross bonus. For 1982 and 1983, petitioner calculated his net bonus by subtracting from his gross bonus the amount of a contribution to a deferred compensation plan and income taxes at a 50-percent rate.↩
2. Although the period from August 1977 to January 1, 1980, has not been covered by the stipulation of the parties, respondent does not claim that petitioner did not fully pay the "fixed" portion of his child support for that period.↩
3. Unless otherwise indicated, all statutory references are to the Internal Revenue Code as amended for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
4. Section 71(b) provided: (b) Payments to Support Minor Children. -- Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩
5. Respondent does not contend that the 1977 and/or 1983 Agreements were not the result of arm's-length negotiations nor do we find any reason in the record to conclude that such was not the case.↩
6. We have not considered whether the $ 7,000 paid in 1982 on account of the obligation for child support in respect of petitioner's bonus should be deducted from the $ 52,288 and treated as nondeductible child support before making such a division because the payment of that amount was presumably taken into account in the arm's-length settlement (see note 5, supra↩) of the amount of the arrearages for that year.